**BURSOR & FISHER, P.A.**
Lauren VanHemel (SBN 1068751)
701 Brickell Avenue, Suite 2100
Miami, FL 33133
Telephone:   (305) 330-5512
Facsimile:   (305) 679-9006
Email:        lvanhemel@bursor.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| JASON CUMOR, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. |  |
| SHINESTY, INC., |  |
| Defendant. |  |

## CLASS ACTION COMPLAINT

Plaintiff Jason Cumor (collectively, "Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated individuals (the "Class Members"), against Defendant Shinesty, Inc. doing business as Shinesty ("Defendant" or "Shinesty").  Plaintiff brings this action based upon personal knowledge of the facts pertaining to himself, and upon information and

1

good faith belief as to all other matters, by and through the investigation of undersigned counsel.

## NATURE OF THE ACTION

1.     Plaintiff brings this putative class action lawsuit against Defendant on behalf of himself and all others similarly situated who have received repeated marketing e-mails from Defendant containing deceptive subject lines, in violation of Florida law.

2.     Defendant offers memberships and one-time purchases for underwear and apparel for both me and women, shipped from its website, Shinesty.com and third-party retailers like Amazon.com.

3.     Consumers across Florida receive, each day, thousands of commercial e-mail advertisements.  This includes Defendant's commercial e-mails, some of which, like that shown below, are sent with deceptive subject lines offering "free" gifts to catch consumer's attention.

4.     For example, Defendant sent Plaintiff and similarly situated Florida consumers an offer for a "free" $20 gift card.  However, the fine print makes clear that the so-called "free" offer is actually quite expensive;  buried at the bottom of the e-mail, in the "[l]egal [m]umbo [j]umbo" Defendant clarifies that the offer is contingent on first buying a $100 gift card.

5.     The Florida Legislature enacted the Electronic Mail Communications

Act to "promote the integrity of electronic commerce and … protect the public and legitimate businesses from deceptive … commercial electronic mail."  Fl. Stat. § 668.601.  To give effect to the Legislature's intent, the Legislature has instructed that the act be "construed liberally in order to protect the public[.]"  *Id.*

6.      By sending these commercial e-mails that purport to contain "free" offers—provided the recipient *first pay* $100—Defendant violates Florida's prohibition on sending commercial e-mail messages that "contain[] false or misleading information in the subject line."  Fl. Stat. § 668.603(1)(c).

7.      For the foregoing reasons, Plaintiff brings this action individually and on behalf of all similarly situated individuals in Florida, for violations of Florida's Electronic Mail Communications Act, Fl. Stat. § 668.60, *et seq.*

## THE PARTIES

8.      Plaintiff Jason Cumor is a resident of Tampa, Florida.  In or around December 2025, Plaintiff received one of many commercial e-mail messages from Defendant featuring a false and misleading "free" offers in the subject line.

9.      Defendant Shinesty, Inc. is a Delaware corporation with its principal place of business in Denver, Colorado.  At all times relevant to this action Defendant disseminated and caused to be disseminated commercial electronic e-mail messages to consumers, like Plaintiff, in this District and throughout Florida which contained false and misleading subject lines.

3

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act ("CAFA"), because there are more than 100 Class Members, at least one member of the Class is a citizen of a different state than Defendant, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs.

11.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this District, including sending violative commercial e-mail messages to consumers, like Plaintiff, in this District.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District and Defendant conducts substantial business within this District.

## FACTUAL ALLEGATIONS

13.    Defendant offers subscriptions and one-time purchases for men's and women's underwear, socks, swimsuits, and t-shirts.

14.    Defendant is a major player in the order-to-mail clothing space, generating approximately $42 million in 2025 revenue.[1]

---

[1] ECDB, *Shinesty Company & Revenue,* https://ecdb.com/resources/sample-data/retailer/shinesty.

15.     As part of its strategy, Defendant relies on its attention-grabbing e-mail marketing and offers in the subject lines; the first thing people see when they check their inboxes.

16.     Indeed, "[w]ith subject lines playing such a crucial role for the success of each email, it's no surprise that email marketers put significant time and effort into crafting the perfect subject line."[2]  And since "79% of marketers say they regularly A/B test their subject lines,"[3] it is likely that Defendant was aware of what subject lines would grab their recipient's attention.

17.     Defendant's use of misleading subject lines is deliberate.  The subject lines act as a form of "clickbait."[4]  Since Defendant is selling its products and services through e-mail marketing, Defendant has an incentive to create e-mail subject lines that will get the recipient's attention and cause them to open the e-mail.  As the marketing firm Litmus has explained, "the subject line is one of the first points of contact with [a company's] subscribers.  If it doesn't catch your subscribers' attention, then the chances of them opening your campaign are slim."[5]

---

[2] Litmus, *Re: Misleading Subject Lines* (Sep. 26, 2019), *available at* https://www.litmus.com/blog/misleading-subject-lines.

[3] *Id.*

[4] According to the Merriam-Webster Dictionary, "Clickbait" refers to "something (such as a headline) designed to make readers want to click on a hyperlink especially when the link leads to content of dubious value or interest." Merriam-Webster Dictionary, "Clickbait," https://www.merriam-webster.com/dictionary/clickbait; *see also* BBC, *Clickbait: The changing face of online journalism* (Sep. 14, 2015), https://www.bbc.com/news/uk-wales-34213693 ("[Clickbait] is a headline which tempts the reader to click on the link to the story.  But the name is used pejoratively to describe headlines which are sensationalized, turn out to be adverts or are simply misleading.").  Similarly, in this case, Defendant's "free $20 gift card" subject line text is clickbait because it is misleadingly phrased to encourage recipients to open Defendant's e-mail advertisements and, ultimately, trick them into spending money on the Platform.

[5] Litmus, *supra* note 2.

18.     Defendant's marketing is a perfect example.  On December 19, 2025, Defendant sent Plaintiff and Class Members an e-mail with the subject line offering a "Free $20 Gift Card."

From: gift.god@shinesty.com <shineon@shinesty.com>
Date: Fri, Dec 19, 2025 at 9:01 PM
Subject: Free $20 Gift Card
To: <j███████@gmail.com>

19.     But the gift card is not "free."  Instead, Defendant buries the "catch" in the footer of its e-mail, in what it brushes off as the "Legal Mumbo Jumbo"

Legal Mumbo Jumbo: Buy a $100+ gift card, get a $20 gift card free. Issued digitally. No cash value. While supplies last.

20.     In other words, only after spending $100 can the consumer get the "free" $20 gift card which Defendant misleadingly represents in its e-mail subject line as a free gift.

21.     While this practice may seem benign, Defendant's marketing strategy is actually much more deceptive.  This style of marketing is a classic example of a favorite among marketers: the foot-in-the-door technique.  "The Foot in the Door (FID) technique is a proven psychology-based method that helps brands guide

customers from small, easy actions to high-value behaviors – like joining a loyalty program, redeeming coupons, or making a repeat purchase."[6]

22. In essence, "[t]he Foot in the Door technique is a classic compliance strategy in social psychology, where an individual is more likely to agree to a larger request after first accepting a small or modest request."[7] So, "when a person says 'yes' to a small, low-pressure action … they begin to see themselves as someone who supports or engages with that brand. Such an internal shift makes them more likely to accept a second request, like making a purchase[.]"[8]

23. As marketing experts have explained, "[t]hat first tiny interaction – even if it's just … claiming a welcome gift – creates momentum. It's no longer just a one-off click; it's the start of a pattern. And in a promotional or loyalty context, that pattern turns into a pathway: interest → engagement → redemption → repeat purchase."[9]

24. For this reason, the Florida Legislature enacted the Electronic Mail Communications Act to "promote the integrity of electronic commerce and … protect the public and legitimate businesses from deceptive … commercial electronic mail." Fl. Stat. § 668.601. To give effect to the Legislature's intent, the

---

[6] Voucherify, *Foot-in-the-Door For Promotions & Loyalty,* https://www.voucherify.io/blog/the-foot-in-the-door-effect.
[7] *Id.*
[8] *Id.*
[9] *Id.*

Legislature has instructed that the act be "construed liberally in order to protect the public[.]" *Id.*

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of all persons in the State of Florida who within the applicable statute of limitations period, up to and including the date of final judgment in this action, received one or more commercial e-mails from Defendant stating or implying an offer of a "free" gift, product, or service, that was only recoverable upon the recipient purchasing a subscription and/or product from Defendant (the "Class").

26. Excluded from the Class is Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which either Defendant has or had a controlling interest.

27. Plaintiff is a member of the Class he seeks to represent.

28. The Class is so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, it is believed that there are at least thousands of Class Members.

29. The Class is ascertainable because the Class Members can be identified by objective criteria: all individuals in the State of Florida who were recipients of Defendant's commercial electronic mail messages. Individual notice

8

can be provided to Class Members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

30. There are numerous questions of law and fact common to the Class, which predominate over any individual actions or issues, including but not limited to:

    a. Whether Defendant's "free" offer claim is false and misleading;

    b. Whether Defendant's e-amils are commercial e-amils as defined by the statute;

    c. Whether Defendant's conduct violated the statutes referenced herein;

    d. Whether Defendant was aware that it was sending commercial e-mails to recipients in Florida; and

    e. Whether Plaintiff and Class Members are entitled to damages and injunctive relief and in what amount.

31. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class received Defendant's commercial e-mails containing false and misleading "free" offers in the subject lines.

32. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent and has retained counsel competent and experienced in prosecuting class

actions who intend to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

33.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

34.    Plaintiff reserves the right to revise his allegations and class definition based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of Florida's Electronic Mail Communications Act**
**Fl. Stat. §§ 668.60, *et seq.***
**(On Behalf of Plaintiff and the Class)**

35.     Plaintiff hereby incorporates by reference each and every allegation as if fully set forth herein.

36.     Florida's Electronic Mail Communication Act prohibits any "person" from "[i]nit[iating] or assist[ing] in the transmission of an unsolicited commercial electronic mail message from a computer located in this state *or* to an electronic mail address that is held by a resident of this state which … [c]ontains false or misleading information in the subject line[.]"  Fl. Stat. § 668.603(1)(c) (emphasis added).

37.     Defendant is a "person" as that term is defined because Defendant is corporation.  *See* Fl. Stat. § 668.602(11).

38.     Defendant's e-mails were "commercial electronic mail messages" as that terms is defined because the e-mails were sent to promote Defendant's products.  *See* Fl. Stat. § 668.602(7).

39.     Defendant "initiate[d] the transmission" of its e-mails because it is the original sender of the e-mails.  *See* Fl. Stat. § 668.602(8).

40.     As discussed in more detail above, the e-mails contained false and misleading offers of "free" gift cards.  However, those "free" offers were only

11

available to those who paid at least $100 for goods. Accordingly, the subject lines are false and misleading to reasonable consumers.

41.   Defendant's acts and practices injured Plaintiff and members of the Class.

42.   Pursuant to Fl. Stat. § 668.606, Plaintiff seeks (1) injunctive relief ordering Defendant cease the violative conduct at issue; (2) compensatory, actual, and/or liquidated damages of $500 per e-mail; and (3) Plaintiff's reasonable attorneys' costs and fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

   a.   Determining that this action is a proper class action;

   b.   For an order certifying the Classes, naming Plaintiff as representative of the Classes, and naming Plaintiff's attorney(s) as Class Counsel to represent the Classes;

   c.   For an order declaring that Defendant's conduct violates the statutes referenced herein;

   d.   For an order finding in favor of Plaintiff and the Classes on the counts asserted herein;

12

e. Awarding compensatory damages, including statutory damages where available, to Plaintiff and Class Members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

f. For punitive damages, as warranted, in an amount to be determined at trial;

g. Ordering Defendant to disgorge revenues and profits wrongfully obtained;

h. For prejudgment interest on all amounts awarded;

i. For injunctive relief as pleaded or as the Court may deem proper;

j. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit; and

k. Granting Plaintiff and Class Members such further relief as the Court deems appropriate.

**<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury on all claims so triable in this action.


Dated:  April 9, 2026                          Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:   */s/ Lauren A. VanHemel*
                                              Lauren A. VanHemel

13

Lauren A. VanHemel (SBN 1068751)
701 Brickell Avenue, Suite 2100
Miami, FL 33133
Telephone:   (305) 330-5512
Facsimile:   (305) 679-9006
Email:       lvanhemel@bursor.com

*Counsel for Plaintiff*